UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Okwuchukwu Jideofor, | Case No. 23-cv-113 (MJD/LIB) |
| Plaintiff, | |
| v. | ORDER AND<br>REPORT AND RECOMMENDATION |
| FMC Lexington Federal Medical Center and United States, | |
| Defendants. | |

This matter comes before the undersigned U.S. Magistrate Judge under a general assignment made in accordance with 28 U.S.C. § 636, and on Plaintiff Okwuchukwu Jideofor's Complaint, [Docket No. 1], and his Application to Proceed in District Court Without Prepaying Fees or Costs. ("IFP Application" [Docket No. 2]).

For the following reasons, the Court recommends dismissing various claims in the Complaint, but grants the IFP Application and will order service on the United States.

I.   Background

The Court received the Complaint and the IFP Application on January 13, 2023. (See Compl. [Docket No. 1]). The Complaint names two defendants: (1) "FMC Lexington Federal Medical Center," presumably referring to the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"); and (2) the United States. (See Compl. [Docket No. 1] at 1.)[1]

Plaintiff asserts that he was at FMC-Lexington between March 2022 and October 2022. (See Id. at 4.) He contends that while there, he experienced "unsafe life-threatening conditions and dire living condition living space future health [*sic*]." (Id.) The only detail provided here is that

---

[1] Citations to filed materials use the page numbers generated by the Court's CM/ECF filing system.

Plaintiff alleges that while he was assigned to a specific "living space," the ceiling "collapsed," causing him "serious injury in both face and eyes." (Id.) Plaintiff claims that this caused "him . . . permanent nerve damage that continues to cause pain" and left his "vision adversely damaged." (Id. at 4–5.)

As the Court understands the Complaint, Plaintiff means to press claims about this event in two ways: (1) tort claims under the Federal Tort Claims Act ("FTCA"), (codified as amended at 28 U.S.C. §§ 2671–80); and (2) constitutional claims under the Eighth and Fourteenth Amendments. (See Id. at 4). As to the FTCA claims, Plaintiff suggests that he filed a grievance and later an administrative claim, but that authorities denied the claim. (See Id.).

For relief, Plaintiff requests $750,000 in various forms of damages, as well as, a "declaratory judgment" that "the policies[,] practices, acts and omissions complained of" caused his "injuries and expenses." (Id. at 6).

**II.   Analysis**

Rather than pay this action's filing fee, Plaintiff has applied to proceed in forma pauperis ("IFP") in this action. (See IFP Appl. [Docket No. 2]). Under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While the statute refers to "the case," courts in this District have repeatedly held that § 1915(e)(2) permits dismissal of portions of cases as well. See, e.g., Mendez v. Kallis, No. 21-cv-1147 (PJS/BRT), 2021 WL 3476681, at *2 (D. Minn. May 27, 2021), report and recommendation adopted in relevant part, 2021 WL 2911171 (D. Minn. July 12, 2021), aff'd, No. 21-2667, 2021

WL 6689158 (8th Cir. Aug. 16, 2021); Spottswood v. Washington Cnty., No. 19-cv-1331 (MJD/ECW), 2020 WL 4340519, at *6 (D. Minn. June 10, 2020) (citing cases), report and recommendation adopted, 2020 WL 4339015 (D. Minn. July 28, 2020).

In addition to its § 1915(e)(2) responsibilities, a federal district court must ensure its own jurisdiction. See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Here again, dismissal of parts of an action is permissible under Rule 12(h)(3). See Cox v. Comm'r of Dep't of Hum. Servs., No. 19-cv-1956 (JRT/DTS), 2020 WL 1049114, at *4 (D. Minn. Jan. 31, 2020) (citing cases), report and recommendation adopted, 2020 WL 1043711 (D. Minn. Mar. 3, 2020). It is a plaintiff's burden to "allege in his pleading the facts essential to show jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]").

### A.   Claims Against FMC-Lexington

#### 1.   Constitutional claims

The Court will start with Plaintiff's claims against FMC-Lexington, and will address the constitutional claims first. Constitutional claims, when (as here) brought against federal defendants, are generally referred to as "Bivens claims," after Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Bivens claims against FMC-Lexington are a nonstarter, essentially because of sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the

3

existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983) (citing authorities); see also, e.g., Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011) (en banc) (making similar points (citing cases)). And this immunity applies not just to the United States itself, but also to federal agencies such as prisons. See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing cases); Mader, 654 F.3d at 797 (quoting Meyer). The issue is jurisdictional: where sovereign immunity applies, a federal district court lacks jurisdiction over an action or claim. See, e.g., Meyer, 510 U.S. at 475 (citing cases); Brown v. United States, 151 F.3d 800, 803 (8th Cir. 1998) (citing Meyer).

To be sure, "[i]f Congress so chooses, however, it may waive the United States's sovereign immunity and 'prescribe the terms and conditions on which [the United States] consents to be sued, and the manner in which the suit shall be conducted.'" Mader, 654 F.3d at 797 (quoting Beers v. State, 61 U.S. (20 How.) 527, 529 (1857)); see also, e.g., CFMOTO Powersports, Inc. v. United States, 780 F. Supp. 2d 869, 875 (D. Minn. 2011) (making same point (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). For his constitutional claims, Jideofor points to no such legislative action giving him a right of action against FMC-Lexington.

The Court therefore assumes that Jidoefor is trying to press a Bivens claims against FMC-Lexington. Bivens claims present a limited exception to the general rule that Congress must authorize causes of action against the federal government: broadly speaking, through Bivens and related cases the U.S. Supreme Court has permitted plaintiffs (in very limited situations) to bring damages actions against federal officials for asserted constitutional violations. See, e.g., Egbert v. Boule, 142 S. Ct. 1793, 1799, 1802–04 (2022) (discussing Bivens claims).

Exactly what constitutional rights the Bivens remedy applies to is controversial, see Id., but that controversy does not matter here. What does matter is that the U.S. Supreme Court has

4

not extended the Bivens remedy to claims against federal agencies. See, e.g., Wilkie v. Robbins, 551 U.S. 537, 550 (2007) (citing Meyer); Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 812 (8th Cir. 2008) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001)). This means that Jideofor cannot bring a Bivens claim against FMC-Lexington. The Court therefore recommends dismissing Jideofor's constitutional claims against FMC-Lexington without prejudice for lack of jurisdiction.

    **2.**    **FTCA claims**

What remains—with respect to FMC-Lexington—is Plaintiff's attempt to assert FTCA claims. The Court will recommend their dismissal as well.

The FTCA creates a waiver that permits federal agencies to be sued:

> The authority of any federal agency to . . . be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 2679. As the text here shows, the waiver here is limited: if a claim is "cognizable under [28 U.S.C. § 1346(b)]," then FTCA claims against the United States are the "exclusive" remedy.

Under 28 U.S.C. § 1346(b), the federal district courts

> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Plaintiff's potential tort claims against FMC-Lexington plainly fall within the § 1346(b) jurisdictional grant. Thus, FTCA claims against the United States are Plaintiff's exclusive remedy for those claims, and it follows that Plaintiff cannot lodge them against FMC-Lexington. The Court

5

therefore recommends dismissing Jidoefor's FTCA claims against FMC-Lexington without prejudice for lack of jurisdiction.

In summary, the Court recommends dismissing all of this action's claims against FMC-Lexington.

### B.  Claims Against United States

#### 1.  Constitutional claims

The Court now turns to Plaintiff's claims against the United States itself. As noted above, these Plaintiff's constitutional claims are asserted through Bivens.

For the Bivens claims, the claims against the United States face the same basic problem that undercut the FMC-Lexington claims. At root, the Bivens remedy permits plaintiffs to assert damages claims against federal officials involved in certain constitutional violations. As the U.S. Supreme Court has put the point: "Bivens . . . is concerned solely with deterring the unconstitutional acts of individual officers." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001); see also Egbert, 142 S. Ct. at 1806 (quoting Corr. Servs. Corp.). As a result:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual . . . .

Corr. Servs. Corp., 534 U.S. at 72; see also, e.g., Cavan v. United States, No. 20-cv-1072 (KMM/LIB), 2022 WL 837685, at *6 (D. Minn. Jan. 31, 2022) (quoting Corr. Servs. Corp.), report and recommendation adopted, 2022 WL 834628 (D. Minn. Mar. 21, 2022).

The Court therefore recommends dismissing Plaintiff's constitutional claims against the United States be dismissed without prejudice.

6

      **2.    FTCA claims**

What remains are Plaintiff's claims against the United States under the Federal Tort Claims Act. At the present time, the Court does not recommend dismissal of these claims.[2]

    **C.    IFP Application**

As noted above, Plaintiff did not pay this action's filing fee. Instead, Plaintiff has applied to proceed in forma pauperis ("IFP") in this action.

The Court's review of Plaintiff's IFP Application finds that he qualifies financially for IFP status. Thus, Plaintiff's IFP Application, [Docket No. 2], is granted.

In the discussion above, the Court recommends dismissing some, but not all, of the Complaint, and what remains would isolate the United States as this action's sole Defendant. Accordingly, the Court will order appropriate service-related steps.

**III.    Conclusion**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's claims against Defendant "FMC Lexington Federal Medical Center" (construed as referring to the Federal Medical Center in Lexington, Kentucky) be **DISMISSED without prejudice**; and

2. Plaintiff's constitutional claims against Defendant United States be **DISMISSED without prejudice**.

---

[2] This determination is without prejudice to the United States responding in any way it sees fit that complies with the Federal Rules of Civil Procedure—including a motion to dismiss under Rule 12 if it believes that an appropriate dismissal ground exists for Plaintiff's remaining claims.

Further, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], is **GRANTED**; and

2. The U.S. Marshals Service is directed to effect service of process on Defendant United States consistent with Rule 4(i)(1) of the Federal Rules of Civil Procedure.

Dated: March 30, 2023               s/ Leo I. Brisbois
                                    Hon. Leo I. Brisbois
                                    United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).